[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 41, and the defendant husband, 52, married on April 22, 1977 at Greenwich, Connecticut. There are two children issue of the marriage, Nadya, born on November 30, 1977 and Peter, born September 5, 1988. The court found jurisdiction based on the plaintiff's continuous residence in Connecticut for one year prior to initiating this action for dissolution on June 16, 1995. The court entered a decree of dissolution on February 2, 1996 on the ground of irretrievable breakdown, awarded sole custody of the younger child to the plaintiff with reasonable visitation awarded to the defendant. The older child graduated from high school last June.
The plaintiff, a high school graduate and a graduate of Katherine Gibbs' two year course, has been a legal secretary since 1976. The defendant is an electrical engineer. CT Page 1431-NNNN
Both parties described a very unhappy marriage. The defendant testified he stayed for the sake of the children, and the court accepts this explanation of why this marriage lasted as long as it did. The plaintiff had panic attacks throughout the marriage, was agoraphobic, and attended Al-Anon because of a perceived drinking problem of the defendant. The defendant was diagnosed as having hepatitis five or six years ago. He conducts business installing alarms and security systems, working from his home. He shows no income. The plaintiff lists her income on Schedule C.
About ten years ago the parties acquired a lot on Richard Street in Greenwich on which a house was constructed. No certificate of occupancy was ever obtained. The structure was a modular house. The parties obtained the lot and house with money obtained from the plaintiff's mother and a $35,000.00 bank loan. Prior to obtaining this house, the parties lived in the plaintiff's mother's house. The plaintiff paid the rent. The court concludes that the defendant contributed little to the maintenance of the family or to the acquisition of the real estate. The court accepts the plaintiff's estimate of $300,000.00 fair market value. The mortgage balance is found to be about $29,000.00.
The parties separated in June, 1995.
On entry of the decree the plaintiff was awarded exclusive possession of the marital house. The defendant was allowed to enter the garage area, and he is to be allowed to remove his possessions from the garage. The Family Relations Office is to mediate any dispute if the parties cannot complete the removal of the defendant's goods.
The court, having considered the elements recited in § 46b-81
and § 46b-82 C.G.S., enters the following orders.
1. The plaintiff is awarded the defendant's interest in 24 Richard Street, Greenwich, Connecticut, and the transfer shall be completed pursuant to the statute made and provided. The plaintiff shall hereafter be solely responsible for the mortgage, taxes, insurance, and the C.O.
2. The home's furniture and furnishings are awarded to the plaintiff as her sole property.
3. The plaintiff is ordered to pay the sum of $60,000.00 to CT Page 1431-OOOO the defendant as his share of the marital assets, to be done on or before May 31, 1996.
4. The plaintiff and the defendant are each awarded $1.00 per year periodic alimony payable until the remarriage of the recipient, death of either party, or further court order.
5. The plaintiff shall assume and pay her liabilities as listed on her financial affidavit, holding the defendant harmless. The defendant shall assume and pay his liabilities as listed on his financial affidavit, holding the plaintiff harmless.
6. Since the defendant has no apparent income at the present time, the court enters no order for child support.
7. The rulings from the bench made in open court on February 2, 1996 are incorporated herein, and the foregoing orders are incorporated in the decree.
Counsel for the plaintiff shall submit a draft of the judgment file for the clerk's review.
HARRIGAN, J.